JS-6

FILED
CLERK, U.S. DISTRICT COURT

6/19/2017

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARES REGIS MANAGEMENT COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ADRIAN RAMIREZ, et al.,<br><br>　　　　Defendants. | Case No. CV 17-04415-FMO (RAOx)<br><br>**ORDER REMANDING ACTION AND DENYING APPLICATIONS TO PROCEED WITHOUT PREPAYING FEES OR COSTS** |

## I.

## FACTUAL BACKGROUND

Plaintiff Sares Regis Management Company ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendants Adrian Ramirez, James Ignacio, and Does 1 to 10. Notice of Removal ("Removal") and Attached Complaint for Unlawful Detainer ("Compl.") and Demurrer. Dkt. No. 1. Defendants are allegedly unauthorized tenants of real property located in Norwalk, California ("the property"). Compl., ¶¶ 3, 6. Plaintiff is the authorized agent for the property's owner. *Id.* at ¶¶ 1-2.

///

///

Defendants Adrian Ramirez and James Ignacio ("Defendants") filed a Notice of Removal on June 14, 2017, invoking the Court's federal question jurisdiction. Removal at 2. The same day, Defendants filed an application to proceed without prepaying fees or costs. Dkt. Nos. 3-4.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendants assert that this Court has subject matter jurisdiction due to the existence of a federal question. Removal at 2. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

1    Here, the Court's review of the Notice of Removal and attached Complaint
2 and Demurrer makes clear that this Court does not have federal question
3 jurisdiction over the instant matter under 28 U.S.C. § 1331.  First, there is no
4 federal question apparent from the face of the Complaint, which appears to allege
5 only a simple unlawful detainer cause of action.  *See Wescom Credit Union v.*
6 *Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D.Cal. Nov. 22,
7 2010) ("An unlawful detainer action does not arise under federal law.") (citation
8 omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA
9 (DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to
10 state court for lack of subject matter jurisdiction where plaintiff's complaint
11 contained only an unlawful detainer claim).
12    Second, there is no merit to Defendants' contention that federal question
13 jurisdiction exists because defenses in the Demurrer raise issues involving federal
14 law.  It is well settled that a "case may not be removed to federal court on the basis
15 of a federal defense . . . even if the defense is anticipated in the plaintiff's
16 complaint, and even if both parties concede that the federal defense is the only
17 question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct.
18 2425, 2430, 96 L.Ed.2d 318 (1987).  Thus, to the extent Defendants' defenses to the
19 unlawful detainer action are based on alleged violations of federal law, those
20 defenses do not provide a basis for federal question jurisdiction.  *See id.*  Because
21 Plaintiff's complaint does not present a federal question, either on its face or as
22 artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendants' Applications to Proceed Without Prepaying Fees or Costs is DENIED as moot.

IT IS SO ORDERED.

DATED: June 19, 2017

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

Presented by:

_____/s/_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE